Manning *v.* Young.

---

WILLIAM B. MANNING

*v.*

GEORGE T. YOUNG and others.

1. The defence that a mortgage was, by an agreement at the time of the loan, to be payable in three years, which time had not elapsed, is not sustained by the oath of defendant's agent, contradicted by that of complainant's agent and the terms of the mortgage which had been drawn payable in one year.

2. An agent's retention of a percentage as compensation for obtaining a loan on mortgage, without the mortgagee's knowledge does not constitute usury.

Bill to foreclose.   On final hearing on pleadings and proofs.

*Mr. John H. Jackson*, for complainant.

*Mr. Nelson Runyon*, for the defendant, Sarah M. Ketcham.

THE CHANCELLOR.

The answer sets up that, by the terms of the agreement for the loan which the mortgage was given to secure, the mortgagor was to have three years in which to repay the money, and the complainant was to receive from the mortgagor, as premium for the loan, seven and a half per cent. of the amount of the loan, and that he received it accordingly.   The mortgage was made payable in one year from its date.   The mortgagor applied for the loan to Mr. Suydam, an attorney at law, who undertook to obtain it for him, and in fact did so.   It appears, however, that Mr. Suydam obtained the money, not from the complainant in person, but from the complainant's agent.   All the conversation on the subject of the time of repayment took place between Mr. Young and Mr. Suydam.   The one positively affirms that it was agreed between them that the time of repayment should be three years, and that it was so understood between them when the mortgage was executed, but the other as positively denies it.   All that passed between Mr. Young and Mr. Suydam on the subject was said before the mortgage was executed, and the mortgage is, as before stated, payable in one year from its date.   That defence is not maintained.

Nor is the defence of usury sustained.   The proof is, that the premium was received by the complainant's agent, as his own compensation for obtaining the loan, and that Mr. Young so understood it.   It is true the latter contradicts the statements of the agent on this subject, but there is evidence of the unreliability of Mr. Young's memory; for example: he is uncertain whether he knew who was the

lender of the money before the time when the mortgage was executed. He is uncertain as to the presence of the complainant in Mr. Suydam's office on the day when the mortgage was executed. He is contradicted in his testimony that the complainant said he had part of the money at home, and promised to go and get it. The complainant absolutely denies it, and Mr. Young's statement is not sustained, or in any way corroborated. The agent distinctly swears that Mr. Young personally took part in the negotiation with him for the loan, and that it was fully understood between them that the seven and a half per cent. was for the agent's compensation for obtaining it. The proof is, that the complainant advanced to Mr. Young the whole amount secured by the mortgage, but that, by agreement between him and the complainant's agent, the latter retained seven per cent. of the amount for his compensation; that this was done without the knowledge of the complainant, and that the latter never received any of the money so retained by the agent. *Muir* v. *Newark Savings Institution,* 1 *C. E. Gr.* 537.

There will be the usual reference to a master.